UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN MARIE ADAMS, | : | CIVIL ACTION NO. 3:03CV0477 (JCH) |
| Plaintiff, | : | |
| v. | : | |
| THE HARTFORD COURANT, ET AL. | : | |
| Defendants. | : | OCTOBER 23, 2003 |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS

This Court should ignore Plaintiff's opposition to Defendants' partial motion to dismiss because the Plaintiff failed to file her opposition within the 21-day time period permitted under Local Rule of Civil Procedure 9(a)(1). Accordingly, Defendants' motion should be granted absent objection. Even if this Court were to consider the arguments made in Plaintiff's opposition, which it should not, Plaintiff is wholly unable to allege extreme and outrageous conduct by the Defendants. Instead, a careful review of the Plaintiff's claims in the light most favorable to her, would certainly not arouse one to exclaim, "Outrageous!" as required by the torts of intentional and negligent infliction of emotional distress.[1]

---

[1] Plaintiff does not oppose Defendants' motion to dismiss her discrimination claim under 42 U.S.C. § 1981 in Count Two against Defendants Chow, Dennis and Teutsch. In a telephone conversation with undersigned, Plaintiff's counsel, Attorney Thomas Bucci, confirmed that his client was not opposing Defendants' motion to dismiss the § 1981 claim as to Defendants Chow, Dennis or Teutsch.

71203951_1.DOC  040201-08010

**I.     ARGUMENT**

    *A.     This Court Should Grant Defendants' Motion Absent Objection Because Plaintiff Failed to Timely File an Opposition.*

Defendants filed their partial motion to dismiss on September 5, 2003. Pursuant to Local Rule of Civil Procedure 9(a)(1), " . . . all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion . . ." See L. R. Civ. P. 9(a)(1). Accordingly, Plaintiff's opposition was due no later than September 26, 2003. Plaintiff did not seek or obtain an extension of time within which to file her opposition to Defendants' motion to dismiss. Instead, Plaintiff filed her opposition on October 1, 2003 -- five days late.

Local Rule 9 provides that, "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion . . ." See L. Civ. R. 9(a)(1). Our courts have repeatedly held that where an opposition to a motion to dismiss is not timely filed, the opposition may be ignored, and the motion granted absent objection. Canfield v. Van Atta Buick, 127 F.3d 248, 251 (2d Cir. 1997) (affirming dismissal of action where plaintiff failed to timely file opposition noting that "[c]ounsel's failure to read and obey an unambiguous court rule . . . was not excusable"); Hartford Steam Boiler Inspec. & Ins. Co. v. Southeastern Refractories, Inc., 212 F.R.D. 62 (D. Conn. 2003) (granting motion to dismiss where plaintiff failed to file timely opposition); Carcello v. TJX Cos., 192 F.R.D. 61 (D. Conn. 2000) (dismissing plaintiff's claims for failure to file timely opposition to defendant's motion to dismiss, despite plaintiff's assertion that the delay was caused by the illness of plaintiff's counsel).

More specifically, in Hartford Steam, the defendant filed a motion to dismiss plaintiff's complaint, and plaintiff's opposition to that motion was due no later than August 26, 2002. Id. at 62. Plaintiff failed to timely file its opposition, and absent an opposition, the Court granted the plaintiff's motion to dismiss in its entirety just nine days later, on September 4, 2002. The Court

upheld its ruling dismissing the complaint despite plaintiff's subsequent motions for reconsideration asserting that plaintiff's failure to timely submit an opposition was due to excusable neglect. Id. at 65-66.

Here, Defendants timely filed their partial motion to dismiss, and Plaintiff failed timely to file an opposition to that motion. Plaintiff could have, but chose not to, seek an extension of time to file her opposition. As such, this Court should ignore Plaintiff's untimely opposition, and grant Defendants' motion absent objection.

>   B.   ***Even If This Court Considers Plaintiff's Untimely Opposition, Which It Should Not, Plaintiff Has Failed To Allege Extreme And Outrageous Behavior, and, Accordingly, Her Intentional and Negligent Infliction of Emotional Distress Claims Must Be Dismissed.***

Plaintiff's negligent infliction of emotional distress claim is based *solely* upon the allegation that Defendants "falsely accused the plaintiff of misrepresenting her self as the President of The Connecticut Black Communicators," and that this conduct forced the Plaintiff to "defend her integrity." (See Opp'n at 9.)[2] However, this single allegation is insufficient to meet the high standard of "extreme and outrageous" conduct required for the tort of negligent infliction of emotional distress. See Muniz v. Kravis, 59 Conn. App. 704, 709, 757 A.2d. 1207 (2000).

The article upon which Plaintiff rests her negligent infliction of emotional distress claim, states, in its entirety, as follows:

---

[2] Plaintiff concedes that only conduct occurring *outside* the termination process is actionable in a negligent infliction of emotional distress claim. (See Opp'n at 9) ("Admittedly the Connecticut Supreme Court has restricted employees from bringing claims of negligent infliction of emotional distress in the employment context . . [n]evertheless, the plaintiff's allegations also involve a claim . . . outside the employment context.")

> Hartford Courant columnist Stan Simpson has been elected as the new president of the Connecticut Association of Black Communicators.
>
> Other members elected to the executive board, which is certified and recognized by the National Association of Black Journalists, are Rick Hancock, political reporter for Fox 61 News, elected as vice president of broadcast; Andre Bowser, a Hartford Courant reporter, elected as vice president of print; Neal Scarbrough, vice president and editor-in-chief of ESPN.com, elected as treasurer; and Angela Carter, a New Haven Register reporter, elected as secretary.
>
> The group is the state affiliate of the National Association of Black Journalists.
>
> ***The organization is seeking to alert community and civic leaders about the new officers because, they said, a past president has been misrepresenting herself as president of the organization.***

(See The Hartford Courant, *Town News Briefing*, Feb. 28, 2003) (emphasis added) (copy attached hereto as Exhibit A).[3]

Importantly, Plaintiff's name is never mentioned in the news article. Nor is it clear from the article <u>which</u> past president had been misrepresenting herself as president of the organization. (See Exhibit A; "***a*** past president has been misrepresenting herself . . .") (emphasis added). Accordingly, Plaintiff's claim that the article "falsely accused <u>the plaintiff</u> of misrepresenting herself" is disingenuous. Further, even if the article had identified the Plaintiff and "forced [her] to defend her integrity," the statement does not rise to the level of extreme and outrageous conduct. See Taylor v. Maxxim Med., Inc., No. 3:99CV338(AHN), 2000 U.S. Dist. LEXIS

---

[3] This Court is permitted to consider the newspaper article in ruling on Defendants' motion to dismiss because it is a public document. Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) (holding it was proper for district court to take judicial notice of public documents in ruling on a motion to dismiss); see also Fed. R. Evid. 201(b)(2). Further, "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991) (court took judicial notice of documents related to purchase of shares because they were documents "plaintiffs had either in [their] possession or had knowledge of and upon which they relied in bringing suit").

19727 (D. Conn. March 23, 2000)[4] (finding conduct was not extreme and outrageous where employer questioned plaintiff's integrity by accusing plaintiff of disclosing trade secrets); Petyan v. Ellis, 200 Conn. 243, 254 (1986) (agreeing with trial court that defendant's conduct was not outrageous where defendant falsely accused plaintiff of fraud and lying during a public hearing).

For the reasons set forth herein, as well as those in Defendants' partial motion to dismiss, Plaintiff's claim for negligent infliction of emotional distress must be dismissed.

In an attempt to salvage her claim of intentional infliction of emotional distress, Plaintiff goes to great lengths to specify each incident she claims amounts to extreme and outrageous behavior. (See Opp'n at 4-6.) Plaintiff's laundry list of allegations can be summarily characterized as alleging, "that's not fair."

First, Plaintiff alleges that two white reporters received recognition for a story Plaintiff had broken, although the white reporters had done very little work. (See Opp'n at 4 (a).) Further, Plaintiff claims that when she received awards for her work, she was not properly recognized by the Defendants. (See Opp'n at 4-5 (a, b, h).) However, this Court has held that an employer's failure to bestow upon an employee the level of gratitude, commendations and recognition that an employee believes she deserves is not extreme and outrageous conduct. See Javier v. Engelhard Corp., No. 3:00-CV-2301 (JCH), 2001 U.S. Dist. Lexis 17341, at *16 (D. Conn. Oct. 1, 2001) (finding employer's conduct not extreme and outrageous where plaintiff claimed, inter alia, that he was excluded from a list of company accomplishments.)

---

[4] Unreported cases cited herein are attached in alphabetical order as Exhibit B.

Next, the Plaintiff alleges that Defendants required "that the plaintiff be subjected to a special process, which required the plaintiff to sit with the defendant, Tarr, while Tarr edited the plaintiff's stories . . . [and that] no other similarly situated employee was subject to such a process." (See Opp'n at 4 (c).) However, allegations that an employer exhibited a harsher supervisory style with a plaintiff than with other employees, even if true, are insufficient to support a claim of intentional infliction of emotional distress. See Pascal v. Storage Tech. Corp., 152 F. Supp. 2d 191 (D. Conn. 2001) (dismissing intentional infliction of emotional distress claim where plaintiff alleged she was put on performance improvement plan despite evidence that employer favored male employees over plaintiff and reassigned her work to male employees); DeLeon v. Little, 981 F. Supp. 728, 738 (D. Conn. 1997) (dismissing emotional distress claim holding, "[d]efendant's interaction with [p]laintiff over her duties and performance on the job fall under the realm of supervisory decisions often made 'in the rough-and-tumble setting of the American workplace.'" (internal citation omitted)); Scandura v. Friendly's Ice Cream Corp., CV 93 0529109 S, 1996 Conn. Super. LEXIS 1642, at *2 (Conn. Super. Ct. June 26, 1996) (requiring plaintiff to furnish daily sales projections and not requiring the same from other employees was not extreme and outrageous conduct).

Further, Plaintiff claims that she was excluded from a training workshop. (See Opp'n at 5. (g).) This allegation is also insufficient to support a claim of intentional infliction of emotional distress. See Javier v. Engelhard Corp., 2001 U.S. Dist. Lexis 17341, at *16 (finding employer's conduct not extreme and outrageous where plaintiff claimed, inter alia, that he was denied training opportunities).

The Plaintiff also claims that she was subjected to disparate treatment, passed over for promotions and that her job was threatened. (See Opp'n at 5-6 (f, j, k, l).) However, it is well

settled that claims of discrimination or disparate treatment in employment decisions, even if valid, are insufficient to meet the strict standard of extreme and outrageous conduct. See Javier v. Engelhard Corp., 2001 U.S. Dist. Lexis 17341, at *15 ("The employment actions taken against [plaintiff] may have been unlawfully motivated but, by themselves, do not constitute extreme and outrageous behavior."); White v. Martin, 23 F. Supp. 2d 203, 208 (D. Conn. 1998) (general allegations of discrimination, discipline, denial of promotion and harassment "fall short of misconduct which exceeds 'all bounds usually tolerated by a decent society'"); Huff v. W. Haven Bd. of Educ., 10 F. Supp. 2d 117, 123 (D. Conn. 1998) (allegation of wrongful refusal to hire based on discrimination not, by itself, sufficient to state claim for intentional infliction of emotional distress); DeLeon v. Little, 981 F. Supp. at 730, 737-39 (holding that defendant's conduct was not extreme and outrageous, even though her supervisor treated her with animosity because of her race and regularly threatened her job security).

    Finally, Plaintiff claims that she was the target of comments by co-workers and her supervisor forecasting her termination. Specifically, Plaintiff claims that she overheard her supervisor comment that the plaintiff "wasn't supposed to last that long," and that a co-worker stated, "don't worry about homegirl, she's hanging on by a thread." (See Opp'n at 4, 6 (d, m).) A Connecticut court has held that comments similar to those Plaintiff alleges were made, do not rise to the level of extreme and outrageous conduct. See Forsythe v. Ambrogio, CV970404059S, 2001 Conn. Super. LEXIS 1777, at *9 (Conn. Super. Ct. June 28, 2001) (dismissing emotional distress claim where employee claimed that he was working for "someone that's looking to get me and had been . . . from the date I was hired . . ." noting that "[s]uch conclusory assertions do not rise to the level of . . . extreme and outrageous actions").

At best, the Plaintiff has alleged conduct that was hurtful, offensive and discouraging to her. Even taking such allegations at their best, however, and assuming that the Plaintiff could prove them, those allegations fall short of meeting Connecticut's strict interpretation of the "extreme and outrageous" element of intentional and negligent infliction of emotional distress claims, as the characterization "extreme and outrageous" is reserved for conduct that is atrocious and is completely outside the bounds of decent society.

## II.   CONCLUSION

For all of the foregoing reasons, Defendants request that this Court dismiss Counts Five and Six of the Plaintiff's Substituted Complaint, as well as Count Two against Defendants Chow, Dennis and Teutsch.

> Respectfully submitted,
>
> DEFENDANTS,
> THE HARTFORD COURANT, THE
> TRIBUNE COMPANY, LYNN DELUCIA,
> PETER SLEIGHT, JOE O'BRIEN, JAN
> TARR, VIVIAN CHOW, CLIFF TEUTSCH,
> and VIVIAN DENNIS,
>
>
> By_____
>   Victoria Woodin Chavey (ct 14242)
>   Sarah Moore Fass (ct 18313)
>   Day, Berry & Howard LLP
>   One Canterbury Green
>   Stamford, Connecticut 06901
>   (203) 977-7300
>   Their Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this 23rd day of October, 2003, via first class mail, postage prepaid, to:

Thomas Bucci, Esq.
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT  06604

                                                      Victoria Woodin Chavey