UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANN MARIE ADAMS, | : CIVIL ACTION NO. 3:03CV0477 (JCH) |
| Plaintiff, | : |
| v. | : |
| THE HARTFORD COURANT, ET AL. | : |
| Defendants. | : APRIL 29, 2004 |

## PROTECTIVE ORDER

**THE UNDERSIGNED PARTIES HAVING STIPULATED TO THE TERMS SET FORTH HEREIN, IT IS HEREBY ORDERED THAT:**

This Stipulation and Order (hereinafter referred to as "Order") shall govern all documents, testimony and other information, including all copies, excerpts and summaries thereof, given or filed during discovery and any other proceeding in this action.

**I. DEFINITIONS**

The term "Party" is defined as any named party in this action. The term "Producing Party" is defined as a Party that has produced Material as that term is defined below. The term "Non-Producing Party" is defined as a party who has received Material as that term is defined below from a Producing Party.

b.  The term "Person" is defined as the Parties and others who have agreed, or who agree with the consent of the Parties, to be bound by this Order.

c.  The term "Material" is defined as all documents, testimony and other information, including all copies, excerpts and summaries thereof, given or filed during discovery and any other proceeding in this action.

d.  The term "Confidential Material" is defined as all documents, testimony and other information, including all copies, excerpts and summaries thereof, given or filed during discovery and any other proceeding in this action which a Party has designated or a Court has ruled as being "Confidential."

## II.  DESIGNATION OF CONFIDENTIAL MATERIAL

a.  Any Party may designate as "Confidential" any Material that it produces when such Party in good faith believes that such Material contains trade secrets or any personal, commercial, financial, economic or proprietary information that is not generally known by the public. Any Material designated as "Confidential" also will render any copies, excerpts, summaries or other form of the substance or contents of such Material "Confidential."

b.  Confidential Material shall be designated as follows:

   i.  In the case of documents, designation shall be made by placing the following legend on each page of any such document prior to production: "CONFIDENTIAL."

    ii.     In the case of interrogatory answers, designation shall be made by placing the following legend immediately after each such answer: "CONFIDENTIAL."

    iii.    In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all counsel within fifteen (15) business days after receipt of the transcript of such deposition.

    iv.    All briefs, pleadings, or other filings with the Court that contain Confidential Material shall be appropriately labeled on the first page and, at the option of counsel, either the entire brief, pleading, or other filing, or the portion thereof that contains Confidential Material, shall be filed under seal.

## III.   CONTESTED DESIGNATION

a.    If any Non-Producing Party believes in good faith that a Producing Party has designated Material as Confidential when such Material does not contain trade secrets or any personal, commercial, financial, economic or proprietary information not generally known by the public, the Non-Producing Party may notify the Producing Party in writing within thirty (30) days of receipt of the Material that it disagrees with the Confidential designation (hereinafter such notification is referred to as "Notification Letter"). The Notification Letter

must sufficiently identify the Material that the Non-Producing Party believes has been improperly designated.

b.  If, upon a good faith review of the Confidential Material and the Notification Letter, the Producing Party believes that it has properly designated the Material as Confidential, the Producing Party must file a Motion for Protective Order with the Court within thirty (30) days of receipt of the Notification Letter to maintain the Confidential designation of the Material.

c.  All Material designated Confidential by any Party shall remain Confidential and subject to this Order unless and until the Court rules that such Material was improperly designated Confidential.

d.  Any Material that was designated Confidential by a Party, but which was the subject of a Notification Letter, shall be deemed not confidential if the Producing Party fails to file a Motion for a Protective Order with the Court within thirty (30) days of its receipt of the Notification Letter.

## IV.  RESTRICTIONS APPLICABLE TO CONFIDENTIAL MATERIAL

a.  Confidential Material shall be subject to the following restrictions:

i.  Confidential Material shall be used by the Non-Producing Party only for the purpose of preparing for and conducting this action (including

appeals), and not for any business, commercial or other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to any individual or business entity except those specified in paragraph ii of this Section.

ii. Confidential Material shall be disclosed by the Non-Producing Party for the purposes set forth in Section IV, paragraph a(i) above only to:

(1) the Parties to this action, counsel of record for the Parties in this action, and attorneys, clerical, paralegal and other staff employed by such counsel who are assisting in the litigation of this action;

(2) the Court and court personnel in the manner described herein;

(3) designated consultants or experts retained by a Party solely for this action, provided that each such consultant or expert agrees in writing to be bound by the terms and conditions of this Order, agrees to consent to the jurisdiction of this Court for purposes of enforcement of the terms of this Order, and agrees not to disclose or use such Confidential Material for purposes other than this action;

(4) any other Person as to whom the Producing Party consents in writing;

(5) witnesses at depositions and at trial (non-party witnesses to this action may be shown material marked CONFIDENTIAL without having to agree in writing to be bound by the terms and

      conditions of this order. However, non-party witnesses shall not be permitted to obtain or keep any copies of Confidential material); and

   (6) stenographers and other court reporters who are employed to prepare deposition transcripts in this action.

  iii. Should this case proceed to trial, each Party must identify exhibits which it believes should remain Confidential and that Party must request *in camera* review of those exhibits before disclosure at trial. All exhibits not so designated for *in camera* review are presumed to be appropriate for disclosure at trial. If a Party wishes to introduce any material at trial which another Party previously had designated as "Confidential", that Party must provide notice to all other parties and provide all other parties with an opportunity to seek *in camera* review of the material prior to its disclosure at trial. Nothing in this paragraph shall in any way constitute a waiver of any Party's right to jury trial or prohibit any Party from using Confidential Material as evidence at a jury trial.

 b. Each person given access to Confidential Material pursuant to the terms hereof (other than counsel of record, their employees, contractors and agents and those Persons discussed above in paragraphs ii(a)-(f) of this Section) shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof, and (ii) that the violation of the terms of this Order may constitute contempt of court and result in financial or other penalties. Before any

Person is given access to Confidential Material by the Non-Producing Party, the proposed recipient must sign and file with the Producing Party a form containing the following:

    i.    a recital that the signatory has read and understands this Order;

    ii.    a recital that the signatory agrees to be bound by the provisions of this Order; and

    iii.    a statement that the signatory consents to the exercise of personal jurisdiction by this Court for enforcement of this Order.

## V.    ENFORCEMENT OF ORDER

a.    Any Party may at any time, on reasonable notice, move the Court for (i) modification of this Order, or (ii) relief from the provisions of this Order with respect to specific material(s). In addition, the Parties may agree in writing to either modifications of this Order or relief from its provisions with respect to specific material(s).

b.    This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this action, including any appeals. At the conclusion of this action, all documents, material or other information designated as "CONFIDENTIAL," all copies thereof and all documents reflecting same shall promptly be returned to the producing Party by the Non-Producing Party. In lieu of returning such documents to the Producing Party, the Non-Producing Party may destroy all such documents and certify in writing to the Producing Party that such documents have been destroyed. All briefs, pleadings, or other filings with the Court that incorporate or disclose

Confidential Material may remain in the possession of the Parties' counsel and need not be destroyed, but shall remain subject to the terms and conditions of this Order.

c.  The production or disclosure pursuant to the terms of this Order of some materials deemed Confidential by a Party shall not waive or prejudice the right of that Party to object to the production or disclosure of other documents or information in this action or in any other action.

d.  If another court or an administrative agency subpoenas, requests, or orders production of Confidential Material that a Party has obtained under the terms of this Order, such Party shall promptly notify the Party who designated the material as Confidential of the pendency of such subpoena, request or order. Such notice must be given a sufficient time in advance of the time set for production of the Confidential Material to afford the Party that designated the material as Confidential reasonable time to oppose disclosure.

e.  Confidential Material need not be filed with the Clerk except when required in connection with motions under Fed. R. Civ. P. 12 or 56 or other matters pending before the Court. If filed in connection with motions or pleadings, Confidential Material shall be filed under seal and shall remain sealed while in the office of the Clerk so long as the materials retain their status as Confidential.

f.  If any Party in good faith believes that any document contains information so sensitive that it should not be copied by anyone, that Party may prohibit such copying by designating the document(s) with the additional legend "COPYING PROHIBITED." If a Party wishes to challenge such designation, it shall follow the procedures and restrictions set forth in Section III above.

WHEREFORE, counsel for the Parties hereby stipulate to the entry of this Protective Order in this action:

**PLAINTIFF**

ANN MARIE ADAMS,

By: _____
Thomas Bucci (ct 07805)
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT 06604
(203) 366-3939
Her Attorney

**DEFENDANTS**

THE HARTFORD COURANT, TRIBUNE COMPANY, LYNN DELUCIA, PETER SLEIGHT, JOE O'BRIEN, JAN TARR, VIVIAN CHOW, CLIFF TEUTSCH, AND VIVIAN DENNIS

By: _____
Victoria Woodin Chavey (ct 14242)
Sarah Moore Fass (ct 18313)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901-2047
(203) 977-7300
Their Attorneys