**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANN MARIE ADAMS, | : | CIVIL ACTION NO. 3:03CV0477 (JCH) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| THE HARTFORD COURANT, ET AL. | : | |
| | : | |
| Defendants. | : | |
| | : | JULY 15, 2004 |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

The Defendants, Hartford Courant, The Tribune Company, Lynn Delucia, Peter Sleight, Joe O'Brien, Jan Tarr, Vivian Chow, Cliff Teutsch and Vivian Dennis (hereinafter "Defendants") answer Plaintiff Ann Marie Adams' (hereinafter "Plaintiff") Third Substituted Complaint dated June 17, 2004 as follows:

**I.   PRELIMINARY STATEMENT**

1.     Defendants admit that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, but specifically deny that Plaintiff has asserted a valid cause of action under that statute.

2.     Defendants admit that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, but specifically deny that Plaintiff has asserted a valid cause of action under that statute.

3. Defendants admit that Plaintiff purports to bring this action pursuant to the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, but specifically deny that Plaintiff has asserted a valid cause of action under those statutes.

4. Defendants admit that Plaintiff purports to bring this action pursuant to the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-51, et seq., but specifically deny that Plaintiff has asserted a valid cause of action under that statute.

5. Defendants admit that Plaintiff seeks various forms of relief against the Defendants, but specifically deny that the Plaintiff is entitled to any relief.

6. Defendants admit that Plaintiff purports to bring this action pursuant to the common law of the State of Connecticut, but deny that Plaintiff has asserted any valid causes of action.

**II.     JURISDICTION**

7. Defendants admit that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, but specifically deny that Plaintiff has asserted valid causes of action under those statutes.

8. Defendants admit that Plaintiff purports to bring this action pursuant to Title 42 U.S.C. § 1981, but specifically deny that Plaintiff has asserted a valid cause of action under that statute.

9. Defendants admit that this Court has subject matter jurisdiction over this action.

10.	Defendants admit that this Court has supplemental jurisdiction over Plaintiff's state law causes of action.

11.	Defendants admit the allegations contained in Paragraph 12a, 12b, 12c and 12d of Plaintiff's Third Substituted Complaint.

12.	Defendants admit that Plaintiff seeks various forms of relief against the Defendants, but specifically deny that the Plaintiff is entitled to any relief.

13.	Defendants admit that this Court has supplemental jurisdiction over Plaintiff's state law causes of action.

14.	The allegations contained in Paragraph 14 of Plaintiff's Third Substituted Complaint allege a legal conclusion, and therefore, Defendants neither deny nor admit the allegation.

### III.	VENUE

15.	The Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Third Substituted Complaint, but state that venue is pursuant to Title 28 U.S.C. §1391(b).

### IV.	PARTIES

16.	Defendants are without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 16 of Plaintiff's Third Substituted Complaint, and therefore leave Plaintiff to her proof.

17.	Defendants admit that The Hartford Courant is a corporation doing business in Connecticut. The remainder of the allegations stated in Paragraph 17 of Plaintiff's Third

Substituted Complaint allege a legal conclusion and therefore, Defendants neither admit nor deny the remaining allegations.

18. Defendants admit that Tribune Company is a corporation and that through The Hartford Courant, it does business in Connecticut. The remainder of the allegations stated in Paragraph 18 of Plaintiff's Third Substituted Complaint allege a legal conclusion and therefore, Defendants neither admit nor deny the remaining allegations.

19. Paragraph 19 of Plaintiff's Third Substituted Complaint alleges a legal conclusion and therefore, Defendants neither admit nor deny the allegations.

20. Paragraph 20 of Plaintiff's Third Substituted Complaint alleges a legal conclusion and therefore, Defendants neither admit nor deny the allegations.

21. Paragraph 21 of Plaintiff's Third Substituted Complaint alleges a legal conclusion and therefore, Defendants neither admit nor deny the allegations.

22. Paragraph 22 of Plaintiff's Third Substituted Complaint alleges a legal conclusion and therefore, Defendants neither admit nor deny the allegations.

23. Paragraph 23 of Plaintiff's Third Substituted Complaint alleges a legal conclusion and therefore, Defendants neither admit nor deny the allegations.

24. Paragraph 24 of Plaintiff's Third Substituted Complaint alleges a legal conclusion and therefore, Defendants neither admit nor deny the allegations.

25. Defendants admit the allegations contained in Paragraph 25 of Plaintiff's Third Substituted Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of Plaintiff's Third Substituted Complaint.

27. Defendants admit the allegations contained in Paragraph 27 of Plaintiff's Third Substituted Complaint.

28. Defendants admit the allegations contained in Paragraph 28 of Plaintiff's Third Substituted Complaint.

29. Defendants admit the allegations contained in Paragraph 29 of Plaintiff's Third Substituted Complaint.

30. Defendants admit the allegations contained in Paragraph 30 of Plaintiff's Third Substituted Complaint.

31. Defendants admit the allegations contained in Paragraph 31 of Plaintiff's Third Substituted Complaint.

**V.    STATEMENT OF FACTS**

32. Defendants admit the allegations contained in Paragraph 32 of Plaintiff's Third Substituted Complaint.

33. Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 33 of Plaintiff's Third Substituted Complaint, and therefore leave Plaintiff to her proof.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Third Substituted Complaint, and state that Plaintiff had various job responsibilities, including but not limited to writing stories for the Manchester Extra and The Courant.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Third Substituted Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Third Substituted Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Third Substituted Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Third Substituted Complaint, but admit that Defendant DeLucia met with Plaintiff during Plaintiff's employment in an effort to provide Plaintiff with constructive feedback on her work.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Third Substituted Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Third Substituted Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Third Substituted Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Third Substituted Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Third Substituted Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Third Substituted Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Third Substituted Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Third Substituted Complaint, but admit that Defendant Tarr met with Plaintiff during Plaintiff's employment in an effort to provide Plaintiff with constructive feedback on her work.

47.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff overheard a conversation with a third party, and therefore leave Plaintiff to her proof.  Defendants deny so much of Paragraph 47 of Plaintiff's Third Substituted Complaint as alleges that Defendant Tarr indicated that Plaintiff's employment was not "supposed to last that long."

48.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 48 of Plaintiff's Third Substituted Complaint, and therefore leave Plaintiff to her proof.

49.     Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Third Substituted Complaint, except that Defendants admit that Plaintiff was given the opportunity to

complete a month-long rotation with The Hartford Courant out of its Hartford office, and that another employee, Carrie Budoff, was transferred to The Hartford Courant's Hartford office.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Third Substituted Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Third Substituted Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Third Substituted Complaint, except that Defendants admit that Defendant DeLucia inadvertently left Plaintiff's name off the list of individuals eligible to participate in a workshop in 2001, and that Defendant DeLucia attempted to correct this oversight as soon as it was discovered.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Third Substituted Complaint, except that Defendants admit that Plaintiff, Janice Darcy and Bill Leukardkt were recognized for their work on a story relating to immigration. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Janice Darcy apologized to the Plaintiff, and therefore leave Plaintiff to her proof.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Third Substituted Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Third Substituted Complaint, except that Defendants admit that Plaintiff was not assigned to cover a story relating to an explosion at a chemical plant in Manchester, Connecticut in 2001.

- 9 -

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Third Substituted Complaint, except that Defendants admit that Plaintiff was recognized for her receipt of a Columbia University fellowship.

57. Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Third Substituted Complaint, except that Defendants admit that Plaintiff was not ultimately granted stock options because she failed to timely appeal an error made by the former parent company of The Hartford Courant.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Third Substituted Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Third Substituted Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Third Substituted Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Third Substituted Complaint, except that Defendants admit that Plaintiff was not offered the position of city desk reporter and that the position was filled by a Caucasian female employee.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Third Substituted Complaint, except that Defendants admit that Plaintiff was not offered the position of city desk reporter.

63.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 63 of Plaintiff's Third Substituted Complaint, and therefore leave Plaintiff to her proof.

64.   Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Third Substituted Complaint.

65.   Defendants admit the allegations contained in Paragraph 65 of Plaintiff's Third Substituted Complaint.

66.   Defendants admit the allegations contained in Paragraph 66 of Plaintiff's Third Substituted Complaint.

67.   Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Third Substituted Complaint.

68.   Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Third Substituted Complaint.

69.   Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Third Substituted Complaint.

70.   Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Third Substituted Complaint.

71.   Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Third Substituted Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Third Substituted Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Third Substituted Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Third Substituted Complaint, except that Defendants admit that there are more Caucasian reporters working at The Hartford Courant than African-American or Black reporters.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Third Substituted Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Third Substituted Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Third Substituted Complaint.

## FIRST CAUSE OF ACTION

77-156. Defendants repeat and restate their responses to Paragraphs 1 through 77 of Plaintiff's Third Substituted Complaint, and incorporate the same as if fully set forth herein.

157. Defendants deny the allegations contained in Paragraph 157 of Plaintiff's Third Substituted Complaint.

158. Defendants deny the allegations contained in Paragraph 158 of Plaintiff's Third Substituted Complaint.

## SECOND CAUSE OF ACTION

159-236.    Defendants repeat and restate their responses to Paragraphs 1 through 77 of Plaintiff's Third Substituted Complaint, and incorporate the same as if fully set forth herein.

237.    Defendants deny the allegations contained in Paragraph 237 of Plaintiff's Third Substituted Complaint.

238.    Defendants deny the allegations contained in Paragraph 238 of Plaintiff's Third Substituted Complaint, except that Defendants admit that The Hartford Courant hired Carmiel Oshrat in July 2001.

239.    Defendants deny the allegations contained in Paragraph 239 of Plaintiff's Third Substituted Complaint.

240.    Defendants deny the allegations contained in Paragraph 240 of Plaintiff's Third Substituted Complaint, except that Defendants admit that Defendant Teutsch agreed with the decision to terminate Plaintiff's employment.

241.    Defendants deny the allegations contained in Paragraph 241 of Plaintiff's Third Substituted Complaint.

242.    Defendants deny the allegations contained in Paragraph 242 of Plaintiff's Third Substituted Complaint.

243.    Defendants deny the allegations contained in Paragraph 243 of Plaintiff's Third Substituted Complaint.

244. Defendants deny the allegations contained in Paragraph 244 of Plaintiff's Third Substituted Complaint.

245. Defendants deny the allegations contained in Paragraph 245 of Plaintiff's Third Substituted Complaint.

246. Defendants deny the allegations contained in Paragraph 246 of Plaintiff's Third Substituted Complaint.

247. Defendants deny the allegations contained in Paragraph 247 of Plaintiff's Third Substituted Complaint.

248. Defendants deny the allegations contained in Paragraph 248 of Plaintiff's Third Substituted Complaint, except that Defendants admit that Plaintiff was offered a separation package, and that Plaintiff was not permitted to transfer to another bureau.

249. Defendants deny the allegations contained in Paragraph 249 of Plaintiff's Third Substituted Complaint.

250. Defendants deny the allegations contained in Paragraph 250 of Plaintiff's Third Substituted Complaint.

## THIRD CAUSE OF ACTION

251-328.     Defendants repeat and restate their responses to Paragraphs 1 through `77 of Plaintiff's Third Substituted Complaint, and incorporate the same as if fully set forth herein.

329.    Defendants deny the allegations contained in Paragraph 329 of Plaintiff's Third Substituted Complaint.

330.    Defendants deny the allegations contained in Paragraph 330 of Plaintiff's Third Substituted Complaint.

331.    Defendants deny the allegations contained in Paragraph 331 of Plaintiff's Third Substituted Complaint.

332.    Defendants deny the allegations contained in Paragraph 332 of Plaintiff's Third Substituted Complaint.

333.    Defendants deny the allegations contained in Paragraph 333 of Plaintiff's Third Substituted Complaint.

334.    Defendants deny the allegations contained in Paragraph 334 of Plaintiff's Third Substituted Complaint.

335.    Defendants deny the allegations contained in Paragraph 335 of Plaintiff's Third Substituted Complaint.

336.    Defendants deny the allegations contained in Paragraph 336 of Plaintiff's Third Substituted Complaint.

## FOURTH CAUSE OF ACTION

337-414. Defendants repeat and restate their responses to Paragraphs 1 through 77 of Plaintiff's Third Substituted Complaint, and incorporate the same as if fully set forth herein.

415. Defendants deny the allegations contained in Paragraph 415 of Plaintiff's Third Substituted Complaint.

## FIFTH CAUSE OF ACTION

468-542. Defendants repeat and restate their responses to Paragraphs 1 through 77 of Plaintiff's Third Substituted Complaint, and incorporate the same as if fully set forth herein.

543. Defendants deny the allegations contained in Paragraph 543 of Plaintiff's Third Substituted Complaint.

544. Defendants deny the allegations contained in Paragraph 544 of Plaintiff's Third Substituted Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state any claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Without conceding the Plaintiff has suffered any damages as a result of any purportedly wrongful acts of Defendants, the Plaintiff has failed to mitigate her damages.

Respectfully submitted,

DEFENDANT,
HARTFORD COURANT,

By _____
   Victoria Woodin Chavey (ct 14242)
   Sarah Moore Fass (ct 18313)
   Day, Berry & Howard LLP
   One Canterbury Green
   Stamford, Connecticut 06901-2047
   (203) 977-7300
   Its Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was delivered via U.S. mail, postage pre-paid on this 15th day of July, 2004, to:

Thomas W. Bucci, Esq.
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT  06604

_____

Sarah Moore Fass